HARRIS, Judge.
During Cornell Atwell’s trial on possession of cocaine with intent to deliver, Officer Gibson (one of the officers involved in the arrest) answered the following question on cross-examination:
Q. So your testimony is you didn’t see anything that Mr. Atwell did, correct?
A. Not this time.
This response could, of course, imply to the jury that Officer Gibson had previously observed Mr. Atwell doing something illegal concerning cocaine.
Atwell’s motion for mistrial was denied. We reverse.
The court did give a curative instruction which, under normal circumstances, might have been sufficient. See Salvatore v. State, 366 So.2d 745 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Hellman v. State, 492 So.2d 1368 (Fla. 4th DCA 1986). However, this was not a normal ease.
For some reason, the court — and the two counsel involved — permitted two jurors to serve who stated (or agreed with) the following on voir dire:
JUROR: I have one concern and that’s if something is said and it’s a major link, then I’m told because of a loophole, that I have to disregard that. I’ve always thought, when I see this on TV and the paper, I don’t believe that I could disregard something that to me was the link, because it was a loophole or a technicality. I think the law is unfair because we use too many loopholes.
DEFENSE: Do you think you could follow the instructions and the law the judge gives you whether you agree with it or not?
JUROR: If I thought somebody was guilty but because of a technicality I had to say they were innocent, no, I couldn’t. I mean, that’s like forcing somebody to eat green peas and tell them, well pretend it’s a bowl of ice cream. You just can’t do it.... If I found the information meant he was innocent, I couldn’t disregard that either if I believed it to be a major point that I just had to disregard because of a technicality. I absolutely could not disregard it.
In light of the mindset expressed by two members of the jury, considerable doubt is raised as to the effectiveness of the court’s curative charge:
Members of the jury, I’m going to request something that may be difficult of you. I’m going to have to request that you disregard the unsolicited, unresponsive statement of this officer that was made in connection with the last question that was asked of him. The question that was asked did not call for an answer such as that. The answer does not — is not to be considered by you as evidence of any kind in this case. And that may be hard for you to disregard but I’m going to ask for you to do what may be to some of you impossible.
We cannot find, in this case, that the officer’s unsolicited comment was harmless.
REVERSED and REMANDED for new trial.
GOSHORN, J., concurs.
GRIFFIN, J., concurs in result only.